IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF CALERA, ALABAMA; )<br>GEORGE W. ROY, Mayor of City of )<br>Calera; JERRY DAVIS, ERNEST )<br>MONTGOMERY, BOBBY JOE PHILLIPS, )<br>DAVID BRADSHAW and MILE )<br>ROBERSON, Council members of City of )<br>Calera; LINDA STEELE, City Clerk for )<br>City of Calera; )<br>)<br>Defendants. )<br>)<br>_____ ) | No. cv |

## COMPLAINT

The United States of America, plaintiff herein, alleges:

1. This action is brought on behalf of the United States by the Attorney General pursuant to Sections 5 and 12(d) of the Voting Rights Act of 1965, as amended 42 U.S.C. 1973c and 1973j(d), and pursuant to 28 U.S.C. 2201, to enforce rights guaranteed by Section 5 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the United States Constitution.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 42 U.S.C. 1973c, 42 U.S.C. 1973j(f), and 28 U.S.C. 1345. Venue properly lies in this Court under 28 U.S.C. 1391(b)(1), (2). The City of Calera, Alabama, lies within this Judicial District and is the place

where the events giving rise to the claim occurred. Defendant City of Calera officials also reside and perform their official duties in this Judicial District. Upon information and belief, all Defendants reside in the State of Alabama.

## PARTIES

3. The Attorney General, representing plaintiff United States of America, is charged by the Voting Rights Act with the statutory responsibility both for the Act's Administrative preclearance process, and with bringing actions in Federal court to enforce the Act's requirements. See 42 U.S.C. 1973j(d).

4. Defendant City of Calera, Alabama, is charged with the responsibility of ensuring that its elections laws, as applied, comply with Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973c ("Section 5").

5. Defendant George W. Roy is the Mayor of the City of Calera and in that capacity serves as the head of the Executive Branch of city government. Defendant Roy is charged with the responsibility of legislating and enforcing compliance with city ordinances, including drawing voting districts and annexations pertaining to the establishment of city municipal election districts. Defendant Roy is sued in his official capacity.

6. Defendants Jerry Davis, Ernest Montgomery, Bobby Joe Phillips, David Bradshaw and Mile Roberson are Council Members of the City of Calera City Council and in that capacity charged with the responsibility of legislating ordinances, including drawing voting districts and annexations pertaining to the establishment of city municipal election districts. Defendants Davis, Montgomery, Phillips, Bradshaw and Roberson are sued in their official capacities.

7. Defendant Linda Steele is the City Clerk for the City of Calera and in such capacity presides over the election process, including voter registration, candidate qualifying, running of the municipal elections, and certifies results of elections as well as actions taken by the City of Calera City Council. Defendant Steele is sued in her official capacity.

## ALLEGATIONS

8. The defendants named herein have authority under Alabama law to enact or administer voting qualifications or prerequisites to voting, or standards, practices, or procedures with respect to voting different from those in force or effect on November 1, 1964.

9. The City of Calera, Alabama, is subject to the preclearance requirements of Section 5.

10. Section 5 states that any "voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting" different from that in force or effect in the City of Calera, Alabama, on November 1, 1964, may not be lawfully implemented unless the State of Alabama, or other appropriate authority with the power to enact or administer voting changes such as the City of Calera, obtains a declaratory judgment from the United States District Court for the District of Columbia that the changes does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color. However, such change may be implemented without such judgment if it has been submitted to the United States Attorney General, and the Attorney General has not interposed an objection within sixty days. 42 U.S.C. 1973c.

11. According to the U.S. Census Bureau, in 2000, Calera had 3,158 residents, of whom 628 (19.9%) are African American, 60 (1.9%) are Hispanic, 27 (0.9%) are Native

3

American, and 18 (0.6%) are Asian. The voting-age population totaled 2,314 residents, with 404 (17.5%) African Americans, 33 (1.4%) Hispanics, 22 (1.0%) Native Americans, and 9 (0.4%) Asians. According to the Census Bureau, as of July 2004, the City of Calera's population was 5,918; as of July 2006, the population was 8,329; and as July 2007, the population estimate indicates there is a population of 9,398. The City of Calera estimated that as of December 2006, its populations was 10,806, of whom 20.24 percent are African American.

12. As of August 10, 2004, the City of Calera had 3,027 registered voters, of whom 400 (13.2%) were identified as African American, and 43 (1.4%) identified as "other." As of July 30, 2008, Shelby County, wherein the City of Calera is located, reported that there are 4,680 registered voters in the City of Calera, of whom 773 (16.5%) are African American, 11 (0.2%) are Hispanic, 1 (0.02%) is Native American, 3 (0.1%) are Asian, and 84 (1.7%) are listed as "other."

13. The City of Calera is governed by a mayor and five council members. The mayor is a voting member of the Council and is elected at-large for a four-year term. Council members are elected from single-member districts to serve concurrent four-year terms. General elections occur in August of Presidential election years.

14. The City of Calera's five single-member districts were created by a consent decree in the case of Dillard v. City of Calera, M.D. Alabama, Civil Action No. 2:87cv1167-MHT(WO, in which the Court found evidence of racially polarized voting. The parties agreed to change the City of Calera's form of government for the election of its Council members from at-large, numbered posts to the current five single-member district plan, with one majority African American district. The consent decree was entered on January 3, 1990.

15. On March 7, 2007, the State of Alabama and plaintiffs in the case filed a Joint Motion to Show Cause asking why the case should not be dismissed. In that order to show cause, the parties argued that the Alabama legislature in Act No. 2006-252 provided that the City Council for the City of Calera could thereafter increase the size of the city council under the single-member district method of election by general or local law. Act No. 2006-252 also provided authority for the city to have single-member districts. Given the ability of the city to change the size of its body with the single-member district method of election, there was no reason for the court to retain jurisdiction to administer the consent decree, and thus, the Court dismissed the case on May 9, 2007.

16. The City of Calera submitted for review under Section 5 177 annexations to the district boundaries and jurisdiction of the City that had been implemented between 1993 and 2008. The City of Calera also submitted for review under Section 5 a concomitant redistricting plan which provided for a change in the boundaries of the City Council's voting districts. The proposed redistricting maintained five single-member districts, but had the effect of dissolving the only majority-minority district. The redrawn district 2 reduced the African American registered voters in the district from 70.9% to 29.5%.

17. On August 25, 2008, the Attorney General interposed a timely objection under Section 5 to the submitted annexations to the City of Calera's redistricting plan and the 177 annexations on the grounds that the submitting authority had failed to meet its burden of establishing that the proposed changes would not have a discriminatory purpose and effect on minority voters. The objection letter is attached as Exhibit A.

18. The City of Calera held an election for mayor and council members on

August 26, 2008 and a run-off election on October 7, 2008 using the objected-to district boundaries and electorate that included the objected-to annexations.

19. Defendants have not obtained a judgment from the United States District Court for the District of Columbia pursuant to Section 5 declaring that the proposed districts and annexations have neither the purpose nor the effect of denying or abridging the right to vote on account of race or color.

20. The failure of defendants to obtain Section 5 preclearance of the proposed district boundaries and annexations renders these voting changes legally unenforceable.

21. Unless enjoined by this Court, defendants will continue to violate the Voting Rights Act by continuing to administer and implement the objected-to change in district boundaries and electorate by certifying the results of the August 26, 2008 and October 7, 2008 elections.   The prevailing candidates will be sworn into office on November 3, 2008.

WHEREFORE, the United States of America prays that a court of three judges be convened to hear this action pursuant to 42 U.S.C. 1973c and 28 U.S.C. 2284 and thereafter enter a judgment:

(1) Declaring that the changes in district boundaries and electorate for City of Calera elections constitute changes affecting voting within the meaning of Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973c, and are legally unenforceable because they have not received the requisite preclearance under Section 5 of the Voting Rights Act;

(2) Declaring that implementation of the changes in district boundaries and electorate for City of Calera elections violates Section 5 of the Voting

        Rights Act of 1965, as amended, 42 U.S.C. 1973c; and

(3)     Enjoining defendants, their successors in office, their agents and all persons acting in concert or participation with them, from administering or implementing the district boundaries and electorate to which the Attorney General has interposed a timely objection unless and until preclearance under Section 5 of the Voting Rights Act of 1965, as amended, 42, U.S.C.1973c, is obtained; and

(4)     Enjoining defendants, their successors in office, their agents and all persons acting in concert or participation with them, from certifying the results of the August 26, 2008, and October 7, 2008 municipal elections, which was based on the district boundaries and electorate to which the Attorney General has interposed a timely objection unless and until preclearance under Section 5 of the Voting Rights Act of 1965, as amended, 42, U.S.C.1973c, is obtained; and

(5)     Enjoining defendants, their successors in office, their agents and all persons acting in concert or participation with them, from swearing in the prevailing candidates on November 3, 2008, which would be based on the district boundaries and electorate to which the Attorney General has interposed a timely objection unless and until preclearance under Section 5 of the Voting Rights Act of 1965, as amended, 42, U.S.C.1973c.

Plaintiff further prays that this Court grant such additional relief as the interests of justice may require, together with the costs and disbursements of this action.

MICHAEL B. MUKASEY
Attorney General


*/s/ Grace Chung Becker*
GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division


ALICE H. MARTIN     */s/ Sharon D. Kelly*
United States Attorney     Sharon D. Kelly
     Chief, Civil Division
     U.S. Attorneys Office

*/s/ Christopher Coates*
CHRISTOPHER COATES
Chief, Voting Section
TIMOTHY F. MELLETT
CHRISTY A. McCORMICK
Attorneys, Voting Section
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Room NWB-7254
Washington, DC 20530
Telephone: (202) 305-0609
Facsimile: (202) 307-3961
christy.mccormick@usdoj.gov